WILLIAM BROWN *& als. versus* CHARLES W. FORD *& al.*

By R. S., c. 107, §§ 7 and 8, when a deposition is taken out of the State, and not under a commission, the adverse party or his attorney shall have due notice thereof; and no person, for the purposes of this chapter, shall be considered such attorney, unless his name is indorsed upon the writ, or the summons left with the defendant, or he has appeared for his principal in the cause, or given notice in writing that he is attorney of such adverse party.

By the 24th rule of the Court, no deposition taken without the State, without a commission, shall be admitted in evidence, " unless the adverse party was present, or was duly and seasonably notified but neglected to attend."

Depositions taken out of the State at the request of the plaintiffs, on notice to an attorney who was not *then* and *never* had been an attorney of record for the plaintiffs, but who, it appeared by other depositions in the case, had been employed to appear for them in the taking of sundry other depositions without the State, and who in one or more instances had signed an agreement that a deposition, taken in this case, might be used in another cause in which the plaintiffs where the same, are not admissible.

ON MOTION and EXCEPTIONS from *Nisi Prius*, DANFORTH, J., presiding.

ASSUMPSIT ·on a promissory note.

The defendants introduced· several depositions, all taken at the same time, in Boston, on notice to Charles P. Curtis, jr., an attorney in that city, who was not then and never had been attorney of record for the plaintiffs. It did not appear that he ever·acted in any respect as their attorney in this State.; but it appeared, by other depositions taken in this case, that said Curtis had been employed to appear for them in the taking of sundry depositions, in Boston, and in one or more instances signed an agreement that a deposition taken in this case might be used in another case in which the plaintiffs were the same.

The depositions were read against the objections of the plaintiffs, and they excepted.

The plaintiffs also filed a motion to set aside the verdict, but the exceptions having been sustained, the motion was not considered by the Court.

Brown *v.* Ford.

*Gould & Daveis,* for the plaintiffs.

*Ruggles,* for the defendants.

The opinion of the Court was drawn by

APPLETON, C. J. — The defendants read in evidence, subject to the plaintiffs' objection, the depositions of John Williams and others, all taken at Boston at the same time on notice to C. P. Curtis, jr., an attorney of that city, who was not *then* and *never* had been an attorney of record for the plaintiffs, but who, it appeared by other depositions in this case, had been employed to appear for them in the taking of sundry depositions in Boston, and in one or more instances had signed an agreement that a deposition or depositions taken in this might be used in another cause in which the plaintiffs were the same.

By R. S., c. 107, § 7, in giving notice to take depositions, it is provided that no person shall be considered an attorney "unless his name is indorsed upon the writ, or the summons left with the defendant, or he has appeared for his principal in the cause, or given notice in writing that he is the attorney of such adverse party." Within this section Curtis cannot be regarded as the plaintiffs' attorney.

It is urged that by § 20 "the Court may admit or reject depositions taken out of the State by a justice, notary or other person lawfully empowered to take them."

But by § 8, it is provided that, "when a deposition is taken out of the State, and not under a commission, the adverse party, or his attorney, shall have due notice thereof." By the 24th Rule of Court, no deposition taken out of the State without a commission shall be admitted in evidence, "unless the adverse party was present, or was duly and seasonably notified but unreasonably neglected to attend."

The depositions objected to were equally inadmissible under the statute or the Rules of Court.

*Exceptions sustained.*

DAVIS, KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.